IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

GEOFFREY MICHAEL WILLIAMS,

     Plaintiff,

                               3:12-CV-634-PK

                               FINDINGS AND
v.                            RECOMMENDATION

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

     Defendant.

---

PAPAK, Magistrate Judge:

     Plaintiff Geoffrey Michael Williams filed this action against defendant the Commissioner of Social Security on April 11, 2012, seeking judicial review of the Commissioner's decision finding him not disabled for purposes of entitlement to Supplemental Security Income disability benefits ("SSI"). On August 8, 2013, I issued Findings and Recommendations that Williams' action be reversed and remanded to the Social Security Administration (the "Administration") for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g), and on September 6, 2013, Judge Brown adopted my recommendations without modification. Now before the court is Williams' unopposed motion (#29) for attorney fees under the Equal Access to Justice Act. I have considered the parties' briefs and all of the evidence in the record. For the reasons set forth below, Williams' motion should be granted, and Williams' counsel should be awarded attorney

Page 1 - FINDINGS AND RECOMMENDATION

fees in the total amount of $6,837.31.

## ANALYSIS

### I.    Plaintiff's Entitlement to Award of EAJA Fees

Williams moves for attorney fees pursuant to the Equal Access to Justice Act ("EAJA").

The EAJA provides that:

> a court shall award to a prevailing party other than the United States fees and
> other expenses, in addition to any costs awarded pursuant to subsection (a),
> incurred by that party in any civil action (other than cases sounding in tort),
> including proceedings for judicial review of agency action, brought by or against
> the United States in any court having jurisdiction of that action, unless the court
> finds that the position of the United States was substantially justified or that
> special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  For purposes of Section 2412, a party eligible for award of fees must

be:

> (i) an individual whose net worth did not exceed $2,000,000 at the time the civil
> action was filed, or
>
> (ii) any owner of an unincorporated business, or any partnership, corporation,
> association, unit of local government, or organization, the net worth of which did
> not exceed $7,000,000 at the time the civil action was filed, and which had not
> more than 500 employees at the time the civil action was filed; except that an
> organization described in section 501(c)(3) of the Internal Revenue Code of 1986
> (26 U.S.C. 501 (c)(3)) exempt from taxation under section 501(a) of such Code,
> or a cooperative association as defined in section 15(a) of the Agricultural
> Marketing Act (12 U.S.C. 1141j (a)), may be a party regardless of the net worth of
> such organization or cooperative association or for purposes of subsection
> (d)(1)(D), a small entity as defined in section 601 of title 5. . . .

28 U.S.C. § 2412(d)(2)(B).  Here, it is undisputed that Williams falls within the scope of Section

2412(d)(2)(B)(ii).  Moreover, the record establishes that Williams' fee petition was timely filed,

and the Commissioner concedes that Williams was the prevailing party.  The sole issue for this

court to resolve in connection with determining Williams' entitlement to fees under the EAJA is

Page 2 - FINDINGS AND RECOMMENDATION

whether the government's position was substantially justified.

It is the Commissioner's burden to establish substantial justification. *See Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988). A legal position is substantially justified if it is "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). The Supreme Court has expressly observed that the foregoing formulation is equivalent to the alternate formulation "[having a] reasonable basis both in law and fact," *id.*, and the Ninth Circuit has held that "substantially justified means there is a dispute over which 'reasonable minds could differ,'" *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005), *quoting League of Women Voters of Cal. v. FCC*, 798 F.2d 1255, 1260 (9th Cir. 1986). The Supreme Court expressly rejected the proposition that to establish substantial justification could require any showing beyond "mere" reasonableness, *see Pierce*, 487 U.S. at 566-568, but also cautioned that in this context "reasonable" means something "more than merely undeserving of sanctions for frivolousness," *id.* at 566. The *Pierce* court clarified that "a position can be justified even though it is not correct, [indeed] substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Id.* at 566, n. 2.

The *Pierce* and *Gonzales* decisions provide a modicum of guidance to the courts as to how the justification of a legal position should be evaluated. Specifically, *Pierce* instructs that the fact that one or more judges may have agreed or disagreed with the government's position is not dispositive as to justification, *see id.* at 569, although it is certainly relevant, and *Gonzales* warns that the reasonableness of the government's position must be evaluated as of the time the position was adopted, and not in light of a court's subsequent final ruling on the merits of the

position, *see Gonzales*, 408 F.3d at 620.

As I found in my Findings and Recommendation (#23) dated August 8, 2013, the ALJ erred in rejecting the opinion of Williams' occupational therapist Two Foxes Singing without providing express reasons for so doing, and the Commissioner conceded that the rejection was therefore erroneous. Lacking an express germane rationale for rejecting the occupational therapist's opinion, the Commissioner's decision to reject the opinion was necessarily not substantially justified. *See Pierce*, 487 U.S. at 565. The Commissioner therefore cannot meet her burden to establish that the government's position was substantially justified, and Williams is entitled under the EAJA to his attorney fees reasonably incurred in connection with this action.

## II.     Attorney and Paralegal Fees

Determination of a reasonable attorney's fee begins with the "lodestar," which is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563-64 (1986).

In the course of this litigation, Williams relied on the services of two attorneys, Betsy Stephens and Tim Wilborn. According to the time records submitted in support of Williams' petition, Stephens expended 9.8 hours in 2012 and 8.1 hours in 2013 and Wilborn expended 6.8 hours in 2012 and 12.1 hours in 2013 litigating the merits of Williams' request for judicial review. Williams requests that his counsel's time expenditures be compensated at hourly rates of $184.32 for hours expended in 2012 and $187.01 for hours expended in 2013. Based on the foregoing, Williams asserts an entitlement to award of a total of $6,837.31 in attorney fees.

### A.     Hours Reasonably Expended

The Commissioner does not challenge the reasonableness of Williams' attorneys' time

Page 4 - FINDINGS AND RECOMMENDATION

expenditures. Nevertheless, this court bears a responsibility to conduct its own independent analysis of the reasonableness of the time expenditures underlying Williams' petition. *See, e.g., Gates v. Deukmejian*, 987 F.2d 1392, 1400-1401 (9th Cir. 1992).

It is the fee claimant's burden to demonstrate that the number of hours spent was "reasonably necessary" to the litigation and that counsel made "a good faith effort to exclude from [the] fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *see also Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 886 F.2d 1545, 1557 (9th Cir. 1989) ("plaintiffs bear the burden of showing the time spent and that it was reasonably necessary to the successful prosecution of their . . . claims); *Chalmers v. Los Angeles*, 796 F.2d 1205, 1211 (9th Cir. 1986) (district court determines numbers of hours reasonably expended in furtherance of the successful aspects of a litigation). Moreover, it is likewise the fee claimant's burden to "submit evidence supporting the hours worked . . . . Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433; *see also, e.g., Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945-946 (9th Cir. 2007) (same). Analysis of the materials submitted in support of Williams' fee petition establishes no grounds for concluding that any of the hours for which compensation is requested were excessive, redundant, or otherwise unnecessary to the prosecution of Williams' case. I therefore find that Williams is entitled to compensation for all 36.8 hours expended by his counsel in the course of this litigation.

**B.    Reasonable Rate**

As noted above, Williams requests that his attorneys' time be compensated at hourly rates of $184.32 for hours expended in 2012 and $187.01 for hours expended in 2013. Pursuant to the

EAJA, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii).  Williams does not indicate that he seeks any "special factor" increase in the statutory rate cap, but does seek adjustment based on increases in the cost of living.

To adjust the EAJA statutory fee cap for increases in the cost of living, the courts of the Ninth Circuit multiply the statutory rate cap of $125 times the appropriate consumer price index for urban consumers ("CPI-U") for the year in which the fees were incurred, then dividing that quotient by the CPI-U for the month in which the cap was imposed (March 1996).  *See Thangaraja v. Gonzales*, 428 F.3d 870, 876-877 (9th Cir. 2005); *Sorenson v. Mink*, 239 F.3d 1140, 1148 (9th Cir. 2001);  Ninth Circuit Rule 39-1.6.  Performing the requisite calculation yields adjusted statutory rates of $184.32 for 2012 and $187.02 for 2013.  Because each of these adjusted rate caps is equal to or in excess of the corresponding rate Williams has requested, the requested rates for compensation of attorney time are necessarily reasonable for EAJA purposes.

### C.    Calculation and Adjustment of the Lodestar Figure

#### 1.    The Lodestar Product

The product of the 16.6 hours reasonably expended by Williams' counsel in 2012 and the reasonable requested hourly rate of $184.32 is $3,059.71, and the product of the 20.2 hours reasonably expended by Williams' counsel in 2013 and the reasonable requested hourly rate of $187.01 is 3,777.60.  Thus, the lodestar calculation results in a total of $6,837.31 in attorney fees reasonably incurred in the course of litigating this action.

### 2.    Adjustment

It is the fee claimant's burden to prove the reasonableness of the lodestar amount. *See Pennsylvania*, 478 U.S. at 563-64. The factors that may properly be considered in determining and evaluating the lodestar figure include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See, e.g., Kerr v. Screen Extras Guild*, 526 F.2d 67, 70 (9th Cir. 1975). Only those factors which are applicable need be addressed. *See, e.g., Sapper v. Lenco Blade, Inc.*, 704 F.2d 1069, 1073 (9th Cir. 1983).

It is within the discretion of the trial court judge to adjust the lodestar figure either: (1) downward if the plaintiff has achieved only partial or limited success or if the fee is otherwise unreasonable, *see Hensley*, 461 U.S. at 435-36 (1983); or (2) upward in "rare" and "exceptional" cases, *Pennsylvania*, 478 U.S. at 565. The presumption, however, is that the lodestar figure represents a reasonable fee. *See Miller v. Los Angeles County Bd. of Educ.*, 827 F.2d 617, 621 (9th Cir. 1987).

I do not find that adjustment of the lodestar figure is warranted here. I therefore recommend that the court award Williams his attorney fees in the lodestar amount provided above, specifically $6,837.31.

Page 7 - FINDINGS AND RECOMMENDATION

## CONCLUSION

For the reasons set forth above, Williams' motion (#29) should be granted, and the Commissioner should be ordered to pay Williams' attorney fees and costs in the total amount of $6,837.31.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 30th day of January, 2014.

Honorable Paul Papak
United States Magistrate Judge